IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

RANDY SPORN,

    *Defendant.*

Case No. 21-10016-EFM

**MEMORANDUM AND ORDER**

    Defendant Randy Sporn, charged with sexual exploitation of a child and possession of child pornography, seeks leave to file a motion to suppress out of time. The prospective motion would argue that Defendant's roommate, N.R., acted as the government's agent in searching their residence after law enforcement officers had completed their search of the premises pursuant to warrant. After delays relating to the COVID-19 pandemic and the health of counsel, the Court has scheduled trial of the charges against Defendant on November 29, 2022.

    The Court has previously entertained two separate motions for suppression. On March 4, 2022, the Court denied Defendant's motion attacking the warrant issued following Twitter's tip report of child pornography on accounts associated with Defendant. On July 26, 2022, the Court

granted Defendant's motion seeking to suppress certain custodial statements made when he was interviewed upon his arrest.[1]

Under Fed. R. Crim. P. 12(c), the failure to move for suppression waives the argument, although "a court may consider the defense, objection, or request if the party shows good cause." Motions to suppress not timely presented are presumptively waived.[2]

Similarly, Rule 45(b)(1)(B) provides that, after a deadline has passed, a court may grant a request to extend the deadline only "for good cause," and "if the party failed to act because of excusable neglect." Excusable neglect is an "elastic concept" which addresses (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.[3] A failure to comply with the court's deadline for filing pretrial suppression motions may be a valid basis to deny the motion.[4]

As noted above, the Court has previously extended the deadline for suppression to allow an additional motion. That motion, to which the government did not object, was made "[a]fter reviewing discovery in anticipation of trial and speaking with Mr. Sporn."

The present motion offers the identical rationale—Defendant wishes to raise a new argument "[a]fter reviewing discovery in anticipation of trial and speaking with Mr. Sporn." The government objects to the request.

---

[1] On June 3, 2022, the Court granted Defendant's motion for leave to file an additional suppression motion out of time, to which motion the government did not object.

[2] *See United States v. Brooks*, 438 F.3d 1231, 1239-40 (10th Cir. 2006).

[3] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392, 395 (1993).

[4] *See United States v. Bridwell*, 583 F.2d 1135, 1139 (10th Cir.1978) (motion to suppress waived by untimely filing).

The Court finds Defendant has failed to show good cause for relief under Rules 12 or 45. Almost a year has elapsed since the October 27, 2021 motions deadline, and trial is imminent. Defendant has already been permitted to file an additional suppression motion out of time. Further, the role the roommate may have played following the execution of the warrant was actively addressed by Detective Stephanie Neal during her testimony at the hearing on the first motion to suppress, and so is a fact known to the parties for some time. Good cause is not established simply by conducting periodic discovery reviews.

**IT IS ACCORDINGLY ORDERED** this 19th day of October, 2022, that Defendant's Motion for Leave (Doc. 60) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of October, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE